UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
Case No. 2:26-cv-05037-RMG-PJG

| | |
|---|---|
| CORY FISHBURN, Plaintiff, | |
| vs. | **COMPLAINT** |
| THE BOEING COMPANY, Defendants. | (**JURY TRIAL DEMANDED**) |

This is an action bought to remedy discrimination on the basis of race and retaliation within the terms, conditions and privileges of employment and all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

This Court has jurisdiction of this matter under 42 U.S.C. § 2000e -5(f), and under 28 U.S.C. §§ 1331 and 1343(4).

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because The Boeing Company operates at its North Charleston facilities in Charleston County, South Carolina and therefore conducts business within the District of South Carolina, Charleston Division; and, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the District of South Carolina, Charleston Division.

Comes Now Plaintiff, Cory Fishburn, who makes the following allegations and statements of fact:

1. Plaintiff is an African American male, a citizen of the United States and a resident of Moncks Corner, South Carolina.

2. Defendant, The Boeing Company, d/b/a Boeing ("Boeing') is a Delaware corporation, with its principal office in Chicago, Illinois, doing business at its facilities in Charleston County, South Carolina. Collectively over all locations, Boeing employs more than 500 employees. Defendant is an employer as defined by Title VII.

3. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

4. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and are subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

5. On July 27, 2026, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding charge number 415-2025-00606, informing him of his right to sue Defendants in response to his charge of race discrimination.

6. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

7. Plaintiff was hired on December 8, 2018, as a Technical Analyst, by Defendant, The Boeing Company, (hereinafter "Boeing"). Plaintiff worked at Boeing's Charleston location.

8. From the time of hire on December 8, 2018 until November 13, 2024, Plaintiff was performing satisfactorily, as Plaintiff had received no formal discipline from Defendant, had no unsatisfactory reviews, and had been promoted to Project Manager.

9. Plaintiff had a history of performance reviews, peer feedback, bonus records and merit based compensation that supports his satisfactory work performance. These records reflect “met expectations” or “exceeded expectations” ratings, a 7% annual bonus, and a 3% merit increase.

10. Plaintiff was supervised by Jesse Nault, Quality Senior Manager, who never informed Plaintiff that his work performance was deficient and never documented any unsatisfactory work performance of Plaintiff.

11. Plaintiff met regularly with Chase Blatchford, who never informed Plaintiff of any work performance issues and he notified Plaintiff of his salary increase.

12. Despite a clear record of satisfactory work performance, no documented discipline, and pay increases, Defendant informed Plaintiff on November 13, 2024, that Defendant selected Plaintiff for a Reduction in Force (RIF).

13. When Defendant notified Plaintiff of his RIF layoff on November 13, 2024, Defendant stated the RIF was due to business support restructuring and Plaintiff was laid off.

14. Defendant emailed human resources in December 2024 requesting the RIF selection criteria and the lack of documentation outlining how the RIF selection was made.

15. Human Resources informed Plaintiff on December 5, 2024, that the RIF selection criteria was provided to Plaintiff along with his separation agreement in the document entitled “RIF Metrics”.

16. Human Resources also informed Plaintiff specifically that the demographic information is limited to age and job title; and individuals were selected for “ILO”

based on an evaluation of knowledge, skills, abilities, behaviors, and other factors that impact the success of employees and organizations.

17. Human Resources then referred Plaintiff to Ethics and then to Corporate Investigations.

18. While Plaintiff had one call with Corporate Investigations on December 19, 2024, no feedback was provided to Plaintiff regarding the results of the investigation into the RIF selection process.

19. During the EEOC investigation, Defendant presented a talent – matrix as the deciding factor for RIF; however, this matrix had inconsistencies which evidence the reason Plaintiff was selected for RIF is pretext.

20. Plaintiff, an African American male, was chosen for a Reduction in Force but Plaintiff had more education and/or experience and/or satisfactory work performance than the non black comparators who were retained.

21. Upon information and belief, Plaintiff had more education and experience than Alana Schorner, Corrinne DeMarco, Link Spann, and Jon Mayer, all non black employees, similarly situated to Plaintiff.

22. While Plaintiff was informed that he was eligible for rehire, Plaintiff applied in April 2025 for the role of Execution Program Analyst, a position for which he was qualified and Plaintiff was denied employment or feedback as to why he was not selected.

23. In 2025, Plaintiff had multiple referred applications rejected despite Plaintiff’s eligibility for the positions.

24. Clearly, over the course of his employment with Defendant, Plaintiff was subjected to unequal treatment and heightened scrutiny within the terms and conditions of employment.

25. Plaintiff is aware, as referenced above, of the difference in treatment toward Plaintiff and non black employees, most specifically in the circumstances surrounding his involuntary lay off due to reduction in force.

26. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

27. Defendant's facially neutral policies and procedures were applied in a discriminatory manner and in a manner which had a disparate impact on Plaintiff.

28. As a result of the acts of discrimination based on race and as a result of retaliation for expressing concern about the RIF selection, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities.

**FIRST CAUSE OF ACTION**
**(TITLE VII DISCRIMINATION AND RETALIATION)**

29. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

30. Plaintiff is a member of a protected class as an African American.

31. Plaintiff was performing satisfactorily and not under the threat of termination, suspension or probation at the time before discharge.

32. Plaintiff was subjected to unequal treatment as described above in the terms conditions of employment with respect to work performance assessment, RIF selection and lay off.

33. Plaintiff was chosen for RIF layoff as an African American high performing employee with more education and experience than the non black employees who were retained.

34. Defendant was made aware of Plaintiff's concerns regarding RIF selection via Plaintiff's email to human resources, ethics and corporate investigations in December 2024.

35. After Plaintiff questioned the RIF selection to HR, ethics and corporate investigations in December 2024, Plaintiff was not selected for any job openings that Plaintiff pursued "post RIF" in 2025, despite being qualified and being told by Defendant that he was eligible for rehire.

36. Defendant retaliated against Plaintiff for this protected activity of questioning the RIF selection criteria and filing an EEOC complaint, and refused to consider Plaintiff for re employment post RIF.

37. Defendant had no legitimate business reason for its unfavorable treatment toward Plaintiff of denying an equal employment opportunity with respect to application of RIF protocols, work rules, discipline and terms and conditions of continued employment.

38. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of Title VII.

39. Defendant retaliated against Plaintiff in immediate response to his protected activity of questioning the RIF selection criteria and filing an EEOC complaint, in violation of Title VII.

40. As a result of the direct and deliberate and proximate actions of representatives of Defendant, Plaintiff has suffered loss of employment, emotional and financial distress, impaired professional reputation, loss of future employment opportunities with Defendant, attorney fees and costs.

41. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a direct and proximate result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of Title VII;

B. Enjoining and permanently restraining these violations of Title VII;

C. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits, and liquidated damages pursuant to Title VII;

D. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided under Title VII and state law;

E. Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation, and other compensatory and punitive damages allowable under Title VII and state law, in the amount to be determined by a jury; and,

F. Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: s/ Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC 29504-3057
Phone: (843) 669-5634
Fax: (843) 669-5150

October 22, 2026